**Anne MASON, ex rel. LEONG TOY OTT, Petitioner, Appellant, v. Anna C. M. TILLINGHAST, U. S. Com'r of Immigration, Respondent, Appellee.**

Circuit Court of Appeals, First Circuit. November 27, 1928.

No. 2241.

Walter Bates Farr, of Boston, Mass. (E. F. Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

PER CURIAM. This is a petition from a final decree of the District Court of Massachusetts dismissing a petition for a writ of habeas corpus.

Leong Toy Ott applied for admission to the United States as the foreign-born son of Leung Mung, an alleged native-born citizen of the United States.

The Board of Special Inquiry decided against the applicant, both on the ground that the father was not an American citizen, and also because the relationship to his alleged father had not been reasonably proven.

The District Court has found that there was evidence to support the excluding decision of the immigration authorities that the discrepancies between the testimony of the alleged father and the applicant while trivial in many respects were in respect to the daughters of two brothers of the alleged father of such a character as to ground a reasonable belief by the immigration authorities that the applicant was not the son of the alleged father.

The father testified that each of the brothers had one daughter, and gave the age of each. The applicant testified that his two uncles had no daughters. He claimed to have lived in the same village in China as

his two uncles, and the difference between the ages of the two daughters as given by the father and his own age was not so great that he would not have known them had the relationship which he claimed existed.

The District Court therefore found that there was some substantial evidence upon which the order of deportation was based and denied the petition as beyond its jurisdiction.

The decree of the District Court is affirmed.